### JAMES YOUNGER ET AL. *v.* R. J. MYERER & FIELD.

**Ejectment—Title—Burden of Proof.**

> Where in an action for partition the defendants answer denying plaintiffs' right to any interest in the land, and claiming the whole title in themselves, and the case was transferred to the circuit court, it assumed the character of an action for recovery of land, and the burden was on the defendants to show a superior title in themselves.

#### APPEAL FROM BULLITT CIRCUIT COURT.

March 6, 1874.

OPINION BY JUDGE PETERS:

Appellees filed their petition in the Bullitt County Court against appellants, for partition of a tract of some 100 acres of land on Long Lick Creek in said county. They allege that appellants are in possession of the whole tract, and that they are entitled to one-third of it.

Appellants filed an answer, in which they admit they have possession of the land, claim it as their own, assert they had had the

peaceable adverse possession for more than fifteen years before appellees brought suit, and controvert their right to any part of the same.

The case, after the answer was filed, was transferred to the Bullitt Circuit Court, where on final hearing judgment was rendered in favor of appellees for one-third of the land, and partition ordered, and from that judgment this appeal is prosecuted.

Appellees claim the land by purchase at a sale of it as a part of the real estate of C. R. Samuels, deceased, made by virtue of a judgment of the Bullitt Circuit Court in the case of Wesley Phelps, curator of R. F. Samuels, deceased, v. C. R. Samuels et al., and that they derived title through C. D. Shean. But they wholly failed to show that Shean had any title to the land whatever.

When appellants, by their answer, controverted appellees' title, and the case was removed to the Bullitt Circuit Court, it assumed the character of, and was, in fact, an action for the recovery of real estate; and in order to entitle them to recover, it was incumbent for them to manifest a title in themselves superior to that of appellees, and that they failed to do so.

Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the petition.

*A. H. Field, for appellants.*

*Meyler, for appellees.*